# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

### NO. 5:15-CR-363-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MOTION FOR JUDGMENT** |
| | ) | **OF ACQUITTAL** |
| | ) | **(IN THE ALTERNATIVE,** |
| SHAMIEKA GOODALL | ) | **REQUEST FOR UNANIMITY** |
| Defendant | ) | **INSTRUCTION TO JURY)** |

NOW COMES the Defendant, by and through undersigned counsel, and hereby moves this Court to enter a Judgment of Acquittal at the close of the Government's evidence pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and her rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In the alternative, the Defendant makes this written request pursuant to F.R.C.P. 30 that the Jury be read a specific unanimity instruction and that the Jury Verdict Form include language consistent with that specific unanimity instruction.

### MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNTS I & III

I.      COUNT I: Conspiracy to Kidnap

  a.  Lack of Sufficiency of the Evidence

The Government alleged a single conspiracy in the indictment. The Government has failed to provide sufficient proof that the Defendant agreed to any conspiracy at all.

The Fourth Circuit requires that in order to deny a Rule 29 motion, the Court must find "substantial evidence" exists supporting the Defendant's guilt. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilty beyond a

1

reasonable doubt." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). To prove conspiracy to kidnap and attempted kidnapping, the Government must prove 1) the conspiracy, agreement, or understanding to commit the crimes described as described in the Indictment was formed, reached, or entered into by two or more persons; 2) that at some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the purpose of the conspiracy, agreement or understanding; 3) with knowledge of the purpose of the conspiracy, agreement, or understanding, the Defendant then deliberately joined the conspiracy, agreement, or understanding; and 4) At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed an overt act and did so in order to further or advance the purpose of the agreement.

The Government has failed to provide "substantial evidence" that the Defendant, first, knew the purpose of the conspiracy – that the conspiracy was an attempted kidnapping and kidnapping – or, second, that the Defendant joined the conspiracy. While it is "elementary that one may be a member of a conspiracy without knowing its full scope," the Government must show that the Defendant knew of the purpose of conspiracy, to wit, kidnapping. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996). Proof that the Defendant merely knew that the "mission" to Louisiana and/or North Carolina entailed criminal conduct – a drug run, e.g. – is insufficient.

Furthermore, the Government has simply failed to present evidence that the Defendant entered into an agreement to become a part of the first object of the two-object conspiracy, namely the Louisiana mission. The only evidence that could be construed to support the Government's claim that the Defendant had mere knowledge of the Louisiana mission is the testimony of Patricia Kramer, who stated "I think Shamieka was on the call," in reference to an

2

alleged call on which unspecified details about the Louisiana mission were discussed. Importantly, the Government offered no evidence that the Defendant entered into an *agreement to become a part* of the Louisiana mission. Because the Government charged the Defendant with a single overarching conspiracy bearing two objects, the Government's failure to present evidence of an agreement with respect to one of the two objects necessarily renders the evidence with respect to Count One insufficient as a matter of law.

       b. Two Separate Conspiracies Proved where Unanimity of Conspiracy Required by Indictment

In the alternative, while the Government may have provided "substantial evidence" the Defendant knew the purpose of either the first or second objects of the conspiracy, Government has failed to establish an overall conspiracy. The Government may counter that the overlap in the main actors, methods and goals shows that there is one conspiracy, see United States v. Strickland, 245 F.3d 368, 385 (4th Cir. 2001), or that "[a] single overall agreement need not be manifested by continuous activity." United States v. Leavis, 853 F.2d 215, 218 (internal quotation marks omitted).

The Fourth Circuit has held that the Government "bears the burden of proving a single conspiracy charged in an indictment. If a single conspiracy is proved, a defendant need not be involved in every phase of that conspiracy to be deemed a participant." Id. at 11 (citations omitted). And, furthermore, that "[a] single conspiracy exists where there is 'one overall agreement.'" Id. at 12 (quoting United States v. Bloch, 696 F.2d 1213, 1215 (9th Cir.1982).

The Defense does not claim that the Government is required to prove that the Defendant knew about the underlying reason for the conspiracy, i.e., Melton's plan avenge his state conviction by pursuing his state defense attorney and the North Carolina prosecutor. If the

3

evidence is sufficient to establish merely that the Defendant agreed with either the first attempted kidnapping (Louisiana) or the second kidnapping (North Carolina), the Government has failed to provide "substantial evidence" that the Defendant agreed with the whole of the conspiracy. Having alleged in the indictment that the Defendant agreed to an overarching conspiracy involving both objects, the Government should now only prevail on this Motion if it has provided sufficient proof as to the overarching conspiracy. The Government cannot now use evidence of the Defendant's arguable agreement with the North Carolina (or Louisiana) incidents to defeat the Defendant's Motion for Judgment of Acquittal as to what was alleged in the indictment. The Government is bound by the indictment it sought from the Grand Jury. Had the Government sought an indictment as to individual conspiracies with respect to Louisiana and North Carolina, the Government could potentially proceed on both conspiracy counts (assuming the Court found sufficient evidence of agreement was presented as to either object). Having chosen the path it took, the Government ought to be bound by its choice and the Court should now dismiss Count I of the Indictment.

Ordinarily, a general unanimity instruction (and conforming verdict form) guarantees a Defendant's right to a unanimous jury verdict under the Sixth Amendment. See Andres v. United States, 333 U.S. 740, 748, 68 S.Ct. 880, 884, 92 L.Ed. 1055 (1948) ("Unanimity in jury verdicts is required where the Sixth and Seventh Amendments apply."); US v. Horton, 921 F. 2d 540 (4th Cir. 1990).

Here, where the Government has alleged an explicit overarching conspiracy in the indictment that requires agreement to two separate objects, the jury should be instructed explicitly that if it does not find that Ms. Goodall agreed to participate in a conspiracy with

4

respect to both objects of the conspiracy charged in the indictment, then it must find her not guilty of Count I, with a verdict form in keeping with that language.

II.     Count III: Kidnapping (North Carolina)

The Government alleged in its indictment that the Defendant. In support of this motion, the Defendant incorporates by reference the case law regarding insufficiency of evidence cited above as to Count I.

The Defendant specifically notes that the Government has failed to present sufficient evidence that the Defendant had the requisite mental state regarding the criminal act of kidnapping. First, the Defense would argue that the Government has not presented sufficient evidence to show that the Defendant possessed the *mens rea* to engage in any criminal act whatsoever. Second, the Defense would argue that, while the Government *may* have presented sufficient evidence to show that the Defendant knew that others were engaged in a criminal act, she did not know that the purpose of the mission was to kidnap an individual, but rather reasonably may have thought that others were engaged in some sort of other criminal activity, e.g. a "drug run" or the throwing of cell phones over prison walls. Third, the Defense would argue that the Government has failed to offer sufficient evidence that the Defendant committed any act to aid or abet the kidnapping.

WHEREFORE, the Defendant requests that this Court grant its Motion for Judgment of Acquittal with respect Counts I and III of the Indictment.

Respectfully submitted this the 19th day of January, 2017.

CHETSON HILTZHEIMER, PLLC

/s/ Damon Chetson
Damon J. Chetson
Counsel for the Defendant

5

NC Bar #39575
19 W. Hargett St., Suite 920
Raleigh, NC 27601
Office: (919) 352-9411
Fax: (919) 249-1396
E-Mail: damon@chetheim.com

6

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing pleading was served upon:

Leslie Katherine Cooley
U.S. Attorney's Office
310 New Bern Ave. Suite 800
Raleigh, NC 27601 :
leslie.cooley@usdoj.gov

Dennis M. Duffy
U.S. Attorney's Office
310 New Bern Ave. Suite 800
Raleigh, NC 27601
dennis.duffy@usdoj.gov

by delivering the foregoing on January 19, 2017, by personally delivering a copy of said

pleading.

/s/ Damon Chetson
Damon J. Chetson
Counsel for the Defendant
NC Bar #39575
19 W. Hargett St., Suite 920
Raleigh, NC 27601
Office: (919) 352-9411
Fax: (919) 249-1396
E-Mail: damon@chetheim.com