**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 17-4383**

───────────

UNITED STATES OF AMERICA,

                      Plaintiff - Appellee,

     v.

SHAMIEKA GOODALL, a/k/a Mieka Kimball, a/k/a Diva,

                      Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:15-cr-00363-D-1)

───────────

Submitted:  June 28, 2018                          Decided: July 17, 2018

───────────

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Damon J. Chetson, CHETSON FIRM, PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamieka Goodall appeals her convictions after a jury trial of conspiracy to commit violations of the kidnapping statute and aiding and abetting kidnapping, violations of 18 U.S.C. §§ 2, 1201 (2012), and her sentence of life imprisonment.  On appeal, she argues that the district court erred in admitting other acts evidence and erred when it sentenced her to life imprisonment.  We affirm.

This case involved a conspiracy to kidnap relatives of attorneys that Kelvin Melton, a gang leader serving a life sentence, blamed for his imprisonment.  In a one-month period, Melton dispatched three kidnapping teams whose intended targets were family members of his state defense counsel and the state prosecutor who worked on his case.  Goodall first argues that the district court erred in allowing her coconspirators to testify at trial to their unrelated prior bad acts, in violation of Fed. R. Evid. 404(b).  "Federal Rule of Evidence 404(b)(1) provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  *United States v. Hall*, 858 F.3d 254, 265 (4th Cir. 2017) (alteration and internal quotation marks omitted).  "Although 'other acts' evidence is not admissible to prove criminal propensity, such evidence 'may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'"  *Id.* at 266 (quoting Fed. R. Evid. 404(b)(2)).

> Rule 404(b) is a rule of inclusion, and its list of permissible uses, including motive, opportunity, and intent, is not exhaustive.  To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the

2

> general character of the defendant, (2) necessary to prove an essential claim
> or element of the charged offense, and (3) reliable. Additionally, Rule 403
> demands that the evidence's probative value not be substantially outweighed
> by its unfair prejudice to the defendant.

*United States v. Sterling*, 860 F.3d 233, 246–47 (4th Cir. 2017) (citations omitted). "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018). "Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (internal quotation marks omitted). The prejudicial effect of prior acts evidence is mitigated by limiting instructions given by the district court. *Cowden*, 882 F.3d at 473. "The government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose." *Hall*, 858 F.3d at 266.

We review for abuse of discretion a district court's decision to admit evidence regarding a defendant's prior conduct under Rule 404(b). *Hall*, 858 F.3d at 264. We "will not reverse a district court's decision to admit [Rule 404(b)] evidence unless it was arbitrary or irrational." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (internal quotation marks omitted).

The evidence that Goodall challenges relates to three separate incidents, all of which occurred between January 2014 and April 2014, before the kidnapping in April 2014 that led to her arrest and convictions. The first incident involved an attempted robbery and shooting in Covington, Georgia, in which she personally participated. The second incident

3

involved a shooting in Warner Robins, Georgia, in which her coconspirators participated. And the third incident involved an attempted kidnapping in High Point, North Carolina, in which her coconspirators participated. We conclude that the district court did not abuse its discretion in admitting the other acts evidence after finding that the evidence was relevant, necessary, and reliable for Rule 404(b) purposes.

Goodall also argues on appeal that the district court erred at sentencing when it applied three specific offense characteristics and one victim-related adjustment because the Government failed to provide evidence that Goodall knew or could reasonably have foreseen the conduct supporting these enhancements. Goodall further contends that more culpable coconspirators received lighter sentences than hers, thus her substantively unreasonable sentence violated the principle of avoiding disparate sentences.

We review sentences for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Blue*, 877 F.3d 513, 517-18 (4th Cir. 2017). Significant procedural errors include improperly calculating the Guidelines range, failing to consider the sentencing factors in 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 328–29 (4th Cir. 2009). When a district court explains its sentence, the explanation "need not be elaborate or lengthy," but the district court "must make an individualized assessment based on the facts presented." *Carter*, 564 F.3d at 329–30 (internal quotation marks omitted).

Only after confirming the procedural reasonableness of a sentence may we assess its substantive reasonableness. *Gall*, 552 U.S. at 51. To determine substantive

4

reasonableness, we consider the totality of the circumstances, giving due deference to the district court's assessment of the § 3553(a) factors, including whether a sentence would create unwarranted sentencing disparities between defendants with similar records who have been convicted of similar conduct. 18 U.S.C. § 3553(a)(6); *Gall*, 552 U.S. at 51. "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017).

Turning first to procedural reasonableness, the district court calculated a Guidelines term of life imprisonment after applying several sentence enhancements. For kidnapping offenses, the Guidelines define various "Specific Offense Characteristics" providing for offense-level enhancements where applicable. *See* U.S. Sentencing Guidelines §§ 2A4.1, 2A4.2 (2016). Based on the specific characteristics of Goodall's crimes, the district court applied enhancements for a ransom demand or demand upon the government, for the victim sustaining permanent or life-threatening bodily injury, and for involving a dangerous weapon. USSG §§ 2A4.1(a), 2A4.1(b)(1), 2A4.1(b)(2)(A). The district court also applied a victim-related enhancement because the kidnapping victim was an immediate family member of a government employee and the offense was motivated by his daughter's status as a state prosecutor. USSG § 3A1.2(b).

"A sentencing court's application of a specific offense characteristic is a mixed question of law and fact that we review de novo." *United States v. Dugger*, 485 F.3d 236, 241 (4th Cir. 2007). "The specific offense characteristic sections of the sentencing guidelines allow a district court to increase the base level of an offense carried out in a certain way, with certain goals, or by a certain person." *Id.*

For sentencing purposes, a defendant may be culpable for the acts of others in jointly undertaken criminal activity, but "those acts must have been within the scope of the defendant's agreement *and* must have been reasonably foreseeable to the defendant." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Moreover, the district court must determine "if the conduct (acts and omissions) of others that was within the scope of, and in furtherance of, the jointly undertaken criminal activity was reasonably foreseeable in connection with that criminal activity . . . (given the nature of the offense)." USSG § 1B1.3 cmt. 3(D). "Because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the 'jointly undertaken criminal activity' is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant." USSG § 1B1.3 cmt. 3(B). This court therefore requires sentencing courts to "make particularized findings with respect to both the scope of the defendant's agreement and the foreseeability of the conduct at issue." *Flores-Alvarado*, 779 F.3d at 256 (alterations and internal quotation marks omitted).

We conclude that the district court correctly applied the challenged enhancements. USSG §§ 2A4.1(a), 2A4.1(b)(1), 2A4.1(b)(2)(A). The entire conspiracy involved a plot to kidnap and exchange family members of certain attorneys for Melton's freedom. Thus, the use of a dangerous weapon and a ransom or demand on the government were reasonably foreseeable and within the scope of the conspiracy. The victim of Goodall's crime sustained permanent and life-threatening injuries as a result of the kidnapping, which was also reasonably foreseeable and within the scope of the offense. Additionally, the court

6

correctly applied the enhancement based on the victim's relationship to a government employee. The only reason Melton targeted the victim was the victim's relationship to his daughter, the prosecutor in Melton's state trial. The familial relationship, which motivated the conspirators to commit the offense, was thus reasonably foreseeable and fell within the scope of the conspiracy.

After calculating the Guidelines range, the district court made findings regarding the presentence report, heard argument from the parties and the victim, allowed Goodall the opportunity to allocute, and considered the 18 U.S.C. § 3553(a) (2012) sentencing factors before imposing a term of life imprisonment. The district court explained its chosen sentence, noting that it also considered the sentences imposed on Goodall's coconspirators who, unlike Goodall, decided to cooperate and pled guilty, before imposing a term of life imprisonment. Thus, the district court did not procedurally err.

Finally, to the extent Goodall challenges the substantive reasonableness of her sentence and any resulting disparity, we conclude that the district court imposed a reasonable, within-Guidelines sentence. The numerous conspirators involved in this case each received a lengthy sentence for their individual role in the conspiracy, thus Goodall's life sentence was not unusually disproportionate. Moreover, Goodall elected to go to trial and maintains her innocence, while other coconspirators assisted the FBI in rescuing the victim, decided to plead guilty, cooperated in the investigation, and testified against Melton and Goodall at their trials. *See, e.g.*, *United States v. Susi*, 674 F.3d 278, 288 (4th Cir. 2012) ("avoidance of unwarranted sentencing disparities does not require courts to sentence similarly individuals who go to trial and those who plead guilty"). We conclude

7

that the district court imposed a substantively reasonable sentence and did not create an unwarranted sentencing disparity.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8