IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-363-D
No. 5:19-CV-335-D

| | |
|---|---|
| SHAMIEKA GOODALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On August 5, 2019, Shamieka Goodall ("Goodall") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her concurrent life sentences [D.E. 165]. On September 23, 2019, Goodall moved for a status report [D.E. 172]. On January 6, 2020, the government moved to dismiss Goodall's section 2255 motion [D.E. 180] and filed a memorandum in support [D.E. 181]. As explained below, the court grants the government's motion to dismiss, dismisses Goodall's section 2255 motions, and dismisses as moot Goodall's motion for a status request.

I.

Goodall played a central role in the kidnapping of the father of a North Carolina Assistant District Attorney. On January 23, 2017, a jury convicted Goodall of conspiracy to violate the kidnapping statute (count one) and kidnapping and aiding and abetting (count three). See [D.E. 120].

On June 6, 2017, the court held Goodall's sentencing hearing and calculated Goodall's advisory guideline range to be life imprisonment. See Sentencing Tr. [D.E. 154] 4–11. After considering all relevant factors under section 3553(a), the court sentenced Goodall to life imprisonment on each count to run concurrently. See id. at 30–37; [D.E. 139]. Goodall appealed

[D.E. 136]. On July 17, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Goodall, 741 F. App'x 910 (4th Cir. 2018) (per curiam) (unpublished).

In Goodall's section 2255 motion, she argues: (1) the court improperly applied U.S.S.G. § 3A1.2(b) to the father of the Assistant District Attorney, (2) the court improperly analyzed relevant conduct, and (3) actual innocence. See [D.E. 165] 1–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

2

As for Goodall's claims concerning the advisory guideline calculation and actual innocence, Goodall presented the claims to the Fourth Circuit on direct appeal. Goodall cannot use section 2255 to recharacterize and relitigate claims she lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 165 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

Alternatively, Goodall procedurally defaulted her claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Goodall from presenting her claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621; United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Goodall has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which she now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Thus, the claims fail.

To the extent Goodall asserts an ineffective assistance of counsel claim, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective

3

assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Goodall must show that her attorney's performance fell below an objective standard of reasonableness and that she suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

The claim fails concerning counsel's performance. Defense counsel's performance falls within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 691. Defense counsel raised the objections that Goodall now asserts. See [D.E. 130-1] 1–5. The court properly overruled the objections at sentencing, and the Fourth Circuit affirmed this court's judgment. See Sentencing Tr. at 4–11; Goodall, 741 F. App'x at 911–14. Thus, the court rejects Goodall's ineffective assistance of counsel claim.

After reviewing the claims presented in Goodall's motions, the court finds that reasonable jurists would not find the court's treatment of Goodall's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38

4

(2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 180], DISMISSES Goodall's section 2255 motion [D.E. 165], DISMISSES AS MOOT Goodall's motion for a status update [D.E. 172], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 29 day of December 2020.

                                                              JAMES C. DEVER III
                                                              United States District Judge